UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONAE SPENCER,

Plaintiff,

v.

LANDMARK PROPERTIES, INC., et al.,

Defendants.

No. 2:25-cv-3049 DAD AC

ORDER and FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). This matter is before the court on a motion to compel arbitration from the corporate defendant Landmark Properties, Inc. (ECF No. 11) and a motion to dismiss brought by all individual defendants (ECF No. 14). Plaintiff opposes both motions. ECF Nos. 16, 18. Landmark filed a reply (ECF No. 17) and plaintiff filed a surreply (ECF No. 19). Defendant Landmark moved to strike the surreply (ECF No. 21), and plaintiff opposed, asking the court to approve the surreply nunc pro tunc. ECF No. 23. Both motions were before the undersigned for hearing on August 12, 2026.

In the interest of justice, the motion to strike (ECF No. 21) is DENIED and the surreply has been considered. For the reasons that follow, the undersigned recommends that the motion to dismiss brought by the individual defendants (ECF No. 14) be GRANTED. It is further recommended that defendant Landmark Properties' motion to compel arbitration (ECF No. 11) be

GRANTED and that this case be STAYED pending the conclusion of arbitration.

## I. Background

Plaintiff is suing his employer, Landmark Properties, and several individual employees: Ezra Esquire, Guadalupe Gonzalez, Chrystine Zaragoza, and Patrick Turney. ECF No. 1 at 2, 7. Plaintiff was hired by Landmark in or around July 2022 as a Maintenance Technician and began working in Davis, California in April of 2023. Id. at 10. Plaintiff's supervisors are Gonzales (Supervisor), and Esquer (Facilities Manager). Id. Plaintiff went on medical leave related to workers compensation from September 2023 to March of 2025. Id. Upon his return, plaintiff was given a verbal and written warning. Id. The stated reason for the verbal warning was that plaintiff called in sick one hour prior to the start of his shift. ECF No. 10. Plaintiff believes this is pretext, because Landmark's handbook states that a 30-minute notice is sufficient. Id. The stated reason for the written warning was plaintiff's tone of voice during a conversation with Esquer during which he was reprimanded for not requesting permission to go on a 15-minute break. Id. Plaintiff alleges this justification is also pretextual because employees in his position are not required to ask permission to go on breaks. Id.

Plaintiff is aware of employees outside his race who were not disciplined for similar allegations. Id. Plaintiff also is aware that Gonzalez told another employee that he wants to make plaintiff suffer. Id. Plaintiff alleges he was discriminated against because of his race (Black/African American) and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964. Id. Plaintiff filed a complaint with the EEOC and was issued a Notice of Right to Sue on July 21, 2025. Id. at 9.

## II. Motion to Dismiss

The individual defendants move to dismiss this case against them on the grounds that the sole cause of action, violation of Title VII, does not permit individual liability against employees, supervisors, managers, or coworkers. ECF No. 14. Plaintiff, in his opposition, argues that defendants' motion "ignores substantial factual allegations contained in Plaintiff's EEOC charge and supporting evidence and instead attempts to narrowly frame the case as one involving only race discrimination claims against individual employees." ECF No. 18 at 2. Plaintiff asserts that

the individual defendants may be liable under the California Fair Employment and Housing Act. Id. at 3.

A. Legal Standard

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

////

B. There Is No Individual Liability Under Title VII

The individual defendants argue that this case should be dismissed against them because individuals are not subject to liability under Title VII, and plaintiff's only claim is for retaliation in violation of Title VII. ECF No. 141- at 5; ECF No. 1 at 10. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993). "Congress assessed civil liability only against an employer under Title VII," and the "statutory scheme itself indicates that Congress did not intend to impose individual liability on employees." Id. Numerous Ninth Circuit cases have reaffirmed this rule. Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."); Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982) (affirming summary judgment for individual defendants on Title VII claims); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) (holding that district court properly dismissed employment discrimination claims against individual defendant.). Accordingly, the complaint must be dismissed as to the individual defendants.

Plaintiff's written opposition suggests that the individual defendants also violated California law. ECF No. 18 at 3. The complaint, as drafted, contains no state law claims. See ECF No. 1 at 5, 10-11. At hearing on the motion, plaintiff clearly stated that he does not seek leave to amend to bring state claims against the individual defendants and wishes to proceed under Title VII against the employer defendant. There is accordingly no reason to consider leave to amend.

## III. Motion to Compel Arbitration

Defendant Landmark Properties moves to compel arbitration and stay this case on the grounds that plaintiff's claims are subject to a binding arbitration agreement. ECF No. 11 at 2. Plaintiff opposes the motion, disputes executing the February 8, 2023, agreement, and argues that even if he did sign the agreement, it was signed while when was employed in Nevada and cannot control his claims, which arise out of his employment with defendant in California. ECF No. 16 at 2. Plaintiff also argued at the motion hearing that Section 15 of the agreement preserves his right to proceed in federal court.

A. Legal Standard

The Federal Arbitration Act ("FAA") limits the district court's role in deciding a motion to compel arbitration "to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel, Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (internal citation and quotation omitted). The party moving to compel arbitration bears the burden of demonstrating that these two elements are satisfied. Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015). If a valid arbitration agreement exists, the district court must enforce the arbitration agreement according to its terms. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

## IV. Analysis

A. Arbitration Must be Compelled

1. A Valid Arbitration Agreement Exists

To determine whether an arbitration agreement is valid, satisfying the first prong of the mandatory arbitrability analysis, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996), Villarreal v. Perfection Pet Foods, LLC, No. 116CV01661LJOEPG, 2017 WL 1353802, at *4 (E.D. Cal. Apr. 10, 2017). Because the agreement to arbitrate is a contract, a court will not grant a motion to compel arbitration unless it finds that there is a "clear agreement" to arbitrate. Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092-93 (9th Cir. 2014). "In California, a 'clear agreement' to arbitrate may be either express or implied in fact." Id.

Here, the undersigned concludes that a valid arbitration agreement exists. Landmark Properties submitted documentation, attached to the declaration of Audra Haselden, Landmark's Senior HR Business Partner, showing that plaintiff electronically executed its Arbitration Agreement ("Employee Dispute Resolution Plan") on July 18, 2022. Haselden Decl., ¶¶ 1, 15; Exh. A (ECF No. 11-3 at 9-15). Ms. Haselden also submitted documentation showing that on February 9, 2023, plaintiff electronically executed an updated version of its Arbitration Agreement after Landmark updated its Arbitration Agreement to reflect revised legal and

compliance requirements. Id., ¶¶ 16-17; Exh. B (ECF No. 11-3 at 17-23. Defendant's onboarding completion records and electronic audit records authenticate plaintiff's electronic execution of the Arbitration Agreements. Id., ¶ 18; Exh. C.

Plaintiff argues that he does not recall singing the arbitration agreements and specifically disputes having "knowingly" signed them. Plaintiff argues that Landmark has not sufficiently authenticated the arbitration agreements because they have not produced enough underlying records including "timestamps, account session information, login records, IP address information, electronic signature records, and audit trail data." ECF No. 16 at 5.

In federal court the federal rules of evidence apply. See Fed. Rs. Evid. 101(a), 1101; Primiano v. Cook, 598 F.3d 558, 563 (9th Cir. 2010); United States v. Yin, 935 F.2d 990, 996 (9th Cir. 1991). To authenticate evidence, a party must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); American Fed'n of Musicians of the U.S. v. Paramount Pictures Corp., 903 F.3d 968, 976 (9th Cir. 2018); see United States v. Workinger, 90 F.3d 1409, 1415 (9th Cir. 1996). The party submitting the evidence "need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." American Fed. of Musicians, 903 F.3d at 976; Workinger, 90 F.3d at 1415. There are many methods of authenticating evidence, see Fed. R. Evid. 901(b), and the proponent's burden has been characterized as "not high." United States v. Recio, 884 F.3d 230, 236-37 (4th Cir. 2018); Kalasho v. BMW of N. Am., LLC, 520 F.Supp.3d 1288, 1293 (S.D. Cal. 2021).

Judges of this court have held that where the plaintiff did not specifically recall signing an arbitration agreement, but the agreement was presented and authenticated by the head of Human Resources, the agreement was enforceable. Prostek v. Lincare Inc., 662 F. Supp. 3d 1100, 1111 (E.D. Cal. 2023). Further, in reply, Landmark submitted supplemental records that identify plaintiff by name, email address, account session, IP address, and audit log activity corresponding to his electronic execution of the Agreement. Supplemental Declaration of Audra Haselden ("Supp. Haselden Decl."), ¶ 4, Exhs. A-D. The records also identify the email address associated with plaintiff's Landmark human resources account as spencermonae5@gmail.com, which is the

same email address appearing on plaintiff's Opposition filing. Id., ¶¶ 6, 8, Exhs. A-B. Accordingly, the undersigned finds that the arbitration agreement was sufficiently authenticated.

Plaintiff argues that California Labor Code § 925, which prohibits an employer from requiring a California employee to agree to litigate or arbitrate outside of California, invalidates the arbitration agreement. This argument does not defeat arbitration. At most, Section 925 may affect forum selection or choice-of-law language; it does not affect the validity of the parties' agreement to arbitrate.

Plaintiff also argues that Landmark breached Section 15 of the Arbitration Agreement, which states that Landmark may only amend the plan after providing employees with 50 days prior notice. ECF NO. 19 at 2. This argument is not persuasive. Section 15 governs Landmark's ability to amend or terminate the Agreement prospectively. Haselden Decl., Exh. B, § 15. Plaintiff, however, executed the updated Agreement on February 9, 2023. The relevant question is whether Plaintiff agreed to the version presented to him, not whether Defendant could later amend the Agreement. Further, the Agreement independently provides that continued employment constitutes consent and agreement to be bound. Haselden Decl., Exh. B, §§ 17, 19. Plaintiff continued working for Landmark after the Agreement's effective date and after February 9, 2023, and he does not allege that he promptly rejected the Agreement before continuing employment. Supp. Haselden Decl., ¶ 22. The court finds that a valid arbitration agreement exists.

The court is unpersuaded by plaintiff's related argument that Section 15 of the Agreement preserves his right to proceed in federal court. Section 15 reads as follows: "The [Employee Dispute Resolution] Plan may be amended or terminated by Landmark after providing employees with sixty (60) days prior notice; provided, however, that amendment or termination of the Plan shall not be applicable to a covered claim or dispute that arose prior to the date of the amendment or termination." ECF No. 11-2 at 21. Nothing in this section authorizes the plaintiff to choose to proceed in federal court rather than go to arbitration. Section 5 of the Agreement states that the "Plan does not prevent the filing of charges with federal, state or local administrative agencies such as the U.S. Equal Opportunity Employment Commission . . ." but even this section does not

waive plaintiff's obligation to participate in arbitration—it simply allows him to also file charges with federal agencies. ECF No. 11-3 at 19.[1] Instead, the Agreement is clear in Section 3 that plaintiff's Title VII claims are subject to arbitration. Id. at 18.

Plaintiff's remaining arguments are irrelevant and unpersuasive. Plaintiff briefly contends that there are issues of fact preventing arbitration, including the fact that his job title changed during his employment, and that multiple email addresses are associated with his account. The court finds these arguments unsupported; as discussed above, the arbitration agreement is properly authenticated and found to be valid.

2. The Agreement Covers the Dispute at Issue

The second prong of the arbitrability analysis also favors compelling arbitration: plaintiff's claims are plainly encompassed by the arbitration agreement. See Cox, 533 F.3d at 1119. Here, the Agreement expressly covers employment-related disputes, including discrimination, harassment, retaliation, Title VII, Civil Rights Act, and related statutory employment claims. Haselden Decl., ¶ 23, Exh. B, § 3. Plaintiff's complaint asserts employment-related discrimination, retaliation, and related workplace claims in violation of Title VII, arising out of his employment with Landmark. See ECF No. 1. Plaintiff does not meaningfully argue that these claims fall outside the Agreement's scope. Because a valid arbitration agreement exists, and this agreement encompasses all of plaintiff's claims, the court must enforce the agreement. Cox, 533 F.3d at 1119.

B. This Case Must be Stayed

Where arbitration is compelled, the FAA requires the court to stay this action pending arbitration. 9 U.S.C. § 3. The U.S. Supreme Court recently confirmed that when a federal court finds a dispute subject to arbitration and a party requests a stay, the court "does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." Smith v.

[1] Presentation of an EEOC claim gives the agency an opportunity to take action regarding the dispute, prior to the filing of a lawsuit by the claimant. Issuance of a "right to sue" letter means that the agency has concluded its review, and that it is now up to the claimant to pursue private remedies such as a lawsuit. A "right to sue" letter does not confer any legally enforceable right to bring a lawsuit where there is a valid agreement to arbitrate in lieu of a lawsuit.

Spizzirri, 601 U.S. 472, 475-76 (2024). Rather, the FAA requires a stay. The word "shall" in Section 3 of the FAA creates a mandatory obligation, and the stay remains in place "until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C. § 3; Smith, 601 U.S. at 476-78.

## V. CONCLUSION

It is HEREBY ORDERED that defendant Landmark's motion to strike (ECF No. 21) is DENIED.

Further, based on the foregoing analysis, IT IS RECOMMENDED that:

1. The individual defendants' motion to dismiss (ECF No. 14) be GRANTED and that all defendants with the exception of Landmark Properties be DISMISSED;

2. Defendant Landmark Properties' motion to compel arbitration, ECF No. 11, be GRANTED; and

3. That this case be STAYED pending arbitration between plaintiff and Landmark Properties.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 13, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE