UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONAE SPENCER,

Plaintiff,

v.

LANDMARK PROPERTIES, INC., et al.,

Defendants.

No. 2:25-cv-03049 DAD AC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANT LANDMARK'S MOTION TO COMPEL ARBITRATION, DENYING PLAINTIFF'S MOTION TO STRIKE AND STAYING THIS CASE PENDING ARBITRATION

(Doc. Nos. 11, 14, 25, 33)

Plaintiff initiated this civil action by filing a complaint on October 1, 2025, and proceeds *pro se* and *in forma pauperis*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On May 26, 2026, defendant Landmark Properties Inc. filed a motion to compel arbitration and to stay this action. (Doc. No. 11.) On June 2, 2026, the five individual defendants filed a motion to dismiss. (Doc. No. 14.) On August 13, 2026, the assigned magistrate judge issued the pending findings and recommendations recommending that the individual defendants' motion to dismiss be granted, that defendant Landmark Properties' motion to compel arbitration be granted and that this case be stayed pending arbitration between plaintiff and Landmark Properties. (Doc. No. 25.) Specifically, the magistrate judge concluded as follows: (1) plaintiff's

only claim against the individual named defendants was asserted under Title VII, plaintiff does not wish to amend to assert any state law claims against those defendants, and because individuals are not subject to liability under Title VII, the individual defendants' motion to dismiss should be granted; (2) despite plaintiff's contention that he did not recall signing an arbitration agreement with defendant Landmark, the evidence before the court established that plaintiff did so, that plaintiff's remaining arguments in opposition to defendant Landmark's motion to compel arbitration were unpersuasive, and the parties arbitration agreement covered the dispute at issue in this case; and (3) under the holding in *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024), the stay of this action pending arbitration was required. (*Id.* at 2–9.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty–one (21) days of service. (*Id.* at 9.) On August 19, 2026, plaintiff filed objections to the findings and recommendations. (Doc. No. 26.) On August 31, 2026, defendant Landmark filed a response to those objections. (Doc. No. 27.) On September 3, 2026, plaintiff sought leave to file a limited reply to defendant's response (Doc. No. 30), which was granted by the magistrate judge. (Doc. No. 31.) On September 14, 2026, defendant Landmark filed a limited supplemental response to plaintiff's limited reply. (Doc. 32.) On September 17, 2026, plaintiff filed a motion to strike defendant Landmark's supplemental response (Doc. No. 33), to which defendant Landmark filed an oppositions (Doc. No. 34), and in turn plaintiff filed and response/reply (Doc. No. 35).

In his objections and his limited reply to defendant Landmark's response thereto, plaintiff primarily focuses on his contention that defendant Landmark violated Section 15 of the Arbitration Agreement in updating and revising employment documents after the sixty day period referred to in that section of the arbitration agreement had expired. (Doc. Nos. 26, 28.) This and

/////

/////

/////

/////

/////

related arguments advanced by plaintiff were thoroughly and properly addressed and rejected in the pending findings and recommendations. (Doc. No. 25 at 8–9.)[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis

Accordingly:

1. The findings and recommendations issued August 13, 2026 (Doc. No. 25), are adopted in full;
2. The individual defendants' motion to dismiss (Doc. No. 14) is granted, all defendants with the exception of Landmark Properties are hereby dismissed from this action, and the Clerk of the Court is directed to terminate the individual defendants from this action;
3. Defendant Landmark Properties' motion to compel arbitration (Doc. No. 11), is granted;
4. This case is hereby stayed pending arbitration between plaintiff and defendant Landmark Properties and all currently calendared dates in this case are vacated; and
5. Plaintiff and defendant Landmark Properties are directed to file a status report six (6) months following the issuance of this order and every ninety (90) days thereafter regarding the status of arbitration proceedings and are directed to notify the court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] As noted, plaintiff also filed a motion to strike Landmark's so-called "limited supplemental response." (Doc. No. 33.) Landmark filed opposition to the motion to strike and plaintiff filed a reply thereto. (Doc. Nos. 34, 35.) In all of this post-objection briefing the parties continue to advance arguments addressing the merits of the motion to remand. For what it's worth, those arguments are considered. Accordingly, plaintiff's motion to strike (Doc. No. 33), will be denied.